1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JESUS E. GALVAN,                          No. 2:24-cv-02033-EFB (PC)

11               Plaintiff,                     No. 2:24-cv-02037-EFB (PC)

12        v.

13   DUSTIN ESPINOSA,                           ORDER

14               Defendant.

15

16        Plaintiff is an inmate of the Stanislaus County Public Safety Center proceeding without

17   counsel in these two actions brought under 42 U.S.C. § 1983.  These proceedings were referred to

18   this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  In addition to filing complaints,

19   plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20                                    Duplicative Cases

21        Plaintiff's complaints in the above-captioned cases are identical.  In addition, he has

22   submitted identical requests for leave to present a late claim and to proceed in forma pauperis in

23   the two cases.  "Plaintiffs generally have no right to maintain two separate actions involving the

24   same subject matter at the same time in the same court and against the same defendant. *Adams v.*

25   *Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  It is not clear why duplicate cases

26   have been initiated, but the court cannot permit both to proceed.  Accordingly, the case will

27   proceed in the earlier filed action and the Clerk of Court is directed to close Case No. 2:24-cv-

28   02037-EFB and administratively terminate all pending motions in that action.

1

Application to Proceed In Forma Pauperis

Although plaintiff has paid the filing fee for this action, he also seeks leave to proceed in forma pauperis. However, the certificate portion of plaintiff's request to proceed in forma pauperis, which must be completed by plaintiff's institution of incarceration, has not been filled out. Also, plaintiff has not filed a certified copy of the inmate trust account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Accordingly, the application will be denied. Should plaintiff still wish to proceed in forma pauperis, he must submit a completed in forma pauperis application and a certified copy in support of the application.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

1    678.

2         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

3    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

4    content that allows the court to draw the reasonable inference that the defendant is liable for the

5    misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

6    claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

7    *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

8    plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

9                                        Screening Order

10        Plaintiff alleges that defendant Stanislaus County Detective Dustin Espinoza arrested him

11   on June 29, 2023 at his home in connection with "case #523023067."  ECF No. 1 at 3.  Plaintiff

12   was detained until July 1, 2023, when the case was dismissed.  *Id.*  He alleges that he was falsely

13   arrested in violation of the Due Process Clause of the Fifth Amendment.  *Id.*

14        Although plaintiff pleads his claim under the Fifth Amendment, claims of false arrest are

15   governed by the Fourth Amendment.  *Dubner v. City of S.F.*, 266 F.3d 959, 964-65 (9th Cir.

16   2001).  To state a claim for false arrest and detention in violation of that amendment, a plaintiff

17   must allege facts showing that there was no probable cause to arrest him.  *Sykes v. City of*

18   *Henderson*, __ F. Supp. 3d __, 2024 WL 3237909, at *3 (D. Nev., June 28, 2024); *accord*

19   *Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 920 (N.D. Cal. 2014).  "Probable cause to

20   arrest exists when officers have knowledge or reasonably trustworthy information sufficient to

21   lead a person of reasonable caution to believe that an offense has been or is being committed by

22   the person being arrested."  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

23        Plaintiff has failed to plead facts showing that defendant Espinoza lacked knowledge or

24   reasonably trustworthy information sufficient to lead a person of reasonable caution to believe

25   that plaintiff had or was committing an offense.  Accordingly, the complaint must be dismissed.

26   The court will provide plaintiff with 30 days leave to file an amended complaint to cure this

27   deficiency.

28   ////

                                        3

Request to Present Late Claim

Plaintiff has appended to his complaint a single page letter entitled "Re: Leave to Present a Late Claim." ECF No. 1 at 7. (The same document was separately filed on the docket in Case No. 2:24-cv-02037.) In the letter, plaintiff states that he believes based on his research that he had a one-year limitations period in which to file the instant action, and he asks the court to be excused from the limitations bar.

A two-year limitations period applies to claims of false arrest in California, usually running from the date of arraignment. *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (the limitations period begins to accrue at the time plaintiff appears before an examining magistrate and is bound over for trial); *Dural v. City of Honolulu*, 658 F. Supp. 3d 855, 865 (D. Haw. 2023) (beginning limitations period at arraignment); *Thompson v. City of Shasta Lake*, 314 F. Supp. 2d 1017, 1026 (E.D. Cal. 2004) (applying Cal. Code Civ. Proc. § 335.1's two-year limitations period to false arrest claim, beginning at dismissal of charges).

Plaintiff's complaint does not include the date of his arraignment, but even if computed as far back as the date of his arrest, the two-year limitations period applicable to plaintiff's claim has not run. Accordingly, plaintiff's request for leave to file a late claim will be denied as moot.

Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete, in itself, without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,

1    the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

2    Cir. 1967)).

3        The court cautions plaintiff that failure to comply with the Federal Rules of Civil

4    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

5    *See* Local Rule 110.

6                                    Conclusion

7        Accordingly, it is ORDERED that:

8    1.  The Clerk of Court is directed to close Case No. 2:24-cv-02037-EFB and

9        administratively terminate all pending motions in that action;

10   2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED without

11       prejudice.  If plaintiff still wishes to proceed in forma pauperis, plaintiff shall submit,

12       within thirty days from the date of this order, a completed affidavit in support of the

13       request to proceed in forma pauperis (including the certificate portion) on the form

14       provided by the Clerk of Court, and a certified copy of the inmate trust account

15       statement for the six month period immediately preceding the filing of the complaint;

16   3.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In

17       Forma Pauperis By a Prisoner;

18   4.  Plaintiff's request for leave to file a late claim is DENIED as moot;

19   5.  The complaint is dismissed for failure to state a claim, with leave to file an amended

20       complaint within 30 days of the date of this order;

21   6.  The court may dismiss this action without prejudice if plaintiff fails to file an amended

22       complaint stating a cognizable claim against an identified defendant within 30 days,

23       unless plaintiff seeks and is granted an extension of time.  Failure to comply with any

24       part of this this order may result in dismissal of this action.

25

26   Dated: February 6, 2025

27                                                    EDMUND F. BRENNAN
                                                      UNITED STATES MAGISTRATE JUDGE

28

                                              5